**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STANLEY BANNER, ) | Civil Action No. 21-cv-19399 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JOINT NOTICE OF REMOVAL |
| ) | |
| NUMOTION, ) | **Removed from New Jersey Superior** |
| PRIDE MOBILITY PRODUCTS, ) | **Court, Law Division, Gloucester County** |
| QUANTUM REHAB, ) | |
| JOHN DOE (1-10), and ) | DOCKET NO.: GLO-L-833-21 |
| ABC Inc.(s) (1-10), ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants United Seating and Mobility, LLC d/b/a Numotion (improperly named in the Complaint as Numotion), Pride Mobility Products Corporation (incorrectly named Pride Mobility Products and Quantum Rehab and hereinafter referred to as "Pride Mobility") (collectively "Defendants") remove to this Court the above-captioned matter, which is pending in the Superior Court of New Jersey, Law Division, Gloucester County, under Docket No. GLO-L-833-21. Removal is proper based on diversity jurisdiction as follows:

**I.   Background**

1. On September 23, 2021, Plaintiff Stanley Banner, a citizen of New Jersey, filed this action, designated Docket No. GLO-L-833-21, in the Superior Court of New Jersey, Law Division, Gloucester County. A true and correct copy of the Complaint and Information Sheet in the state court action is attached as Exhibit A.

2. Plaintiff's Complaint alleges that he suffered "significant and permanent personal injuries and disability, pain and suffering, emotional distress, medical bills, miscellaneous costs and expenses, and other damages" after falling out of his wheelchair on two occasions: July 13, 2019, and August 18, 2019. Plaintiff alleges that Defendants' negligence and product design, manufacturing, and warning defects caused these incidents.

3. Although improperly served, Defendants received copies of the Summons and Complaint on September 28, 2021.

4. Pursuant to 28 U.S.C. § 1446(a), Defendants attached true and correct copies of "all process, pleadings, and orders served" upon Defendants in the state court action as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice has been filed within thirty (30) days of receipt of service of the Summons and Complaint. Because Defendants were served on September 28, 2021, this Notice is timely.

6. The time for Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

7. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Gloucester County, and served on Plaintiff's counsel. A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Gloucester County is attached as Exhibit C.

8. By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and the Defendants specifically reserve the right to assert any defenses and/or objections to which it

may be entitled, including but not limited to the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

## II. Diversity of Citizenship

10. Upon information and belief, at the time this action was filed and at all times since, Plaintiff was and is a citizen of New Jersey. *See* introductory paragraph of Plaintiff's Complaint, attached as Exhibit A.

11. At all relevant times, including the time of filing the Complaint and the time of removal, Defendant United Seating and Mobility, LLC ("Numotion") was and is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Tennessee. Numotion's sole member, NMN Holdings III, Corp., was and is a Delaware corporation with its principal place of business in Tennessee. Therefore, Numotion is a citizen or Delaware and Tennessee. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (holding that an LLC has the citizenship of each of its members).

12. At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Pride Mobility was and is a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, Pride Mobility is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (internal citation omitted) ("A corporation's citizenship derives, for diversity purposes, from its State of incorporation and principal place of business. It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

13. Quantum Rehab is not a corporate entity; it is a division within Pride Mobility without a corporate existence of its own and at some point in this litigation should be dismissed as a party.

14. The citizenship of defendants sued under fictitious names is disregarded for purposes of demonstrating complete diversity of the parties for removal. 28 U.S.C. § 1441(b).

15. Because Plaintiff is diverse from each Defendant, complete diversity exists in this action.

### III.   Amount in Controversy Requirement

16. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. On the face of the Complaint, the $75,000 amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a). As the Supreme Court clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. Here, Plaintiff alleges that he sustained "severe, consequential, significant and permanent personal injuries and disability, pain and suffering, emotional distress" among other costs and expenses. Compl. ¶ 7. He also alleges that he is "restricted and/or prevented from pursuing his usual activities." Compl. ¶ 8. This Court has readily found that the amount in controversy requirement is satisfied when a plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Montilus v. Munoz*, No. 09-4143 (SRC), 2009 WL 3246609, at *1, *2 (D.N.J. Oct. 6, 2009); *Kolokowski v. Crown Equip. Corp.*, No. 05-4257, 2005 WL 3320777, at *1, *3 (D.N.J.

Dec. 6, 2005). Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

### IV. Conclusion

18. Because (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000, Defendants satisfy the requirements for removal pursuant to 28 U.S.C. § 1332.

Defendants request that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Superior Court of New Jersey, Law Division, Gloucester County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served.

Respectfully submitted,

/s/ *Diane Fleming Averell*
One of the Attorneys for United Seating and Mobility, LLC d/b/a Numotion

Diane Fleming Averell (DA 3899)
dfaverell@pbnlaw.com
Michelle M. Krol (MK 4099)
mmkrol@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 (fax)

Clinton T. Speegle (PHV to be applied for)
cspeegle@lightfootlaw.com
Tatum L. Jackson (PHV to be applied for)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.

The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

Brett Wolfson
bwolfson@rawle.com
RAWLE & HENDERSON LLP
The Widener Building
1339 Chestnut Street, 16th Floor
Philadelphia, PA 19107
(215) 575-4200
(215) 563-2583 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel of record by electronic and regular mail at the following address:

Michael J. Glassman
MICHAEL J. GLASSMAN & ASSOCIATES, LLC
1103 Laurel Oak Road, Suite 140
Voorhees, New Jersey 08043-4318
mglassman@njlawcenter.com
*Attorney for Plaintiff*

/s/ *Diane Fleming Averell*
Diane Fleming Averell (DA 3899)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
dfaverell@pbnlaw.com

*Attorney for Defendant United Seating and Mobility, LLC d/b/a Numotion*

Dated: October 28, 2021