UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY BANNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NUMOTION, PRIDE MOBILITY PRODUCTS, QUANTUM REHAB, JOHN DOE (1-10), and ABC Inc.(s) (1-10), | ) Civil Action No. 1:21-cv-19399-NLH-SAK ) ) ) |
| | ) |
|    Defendants. | ) |

**DEFENDANT UNITED SEATING AND MOBILITY, LLC D/B/A NUMOTION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant United Seating and Mobility, LLC d/b/a Numotion (improperly named in the Complaint as Numotion) (hereinafter "Numotion") hereby sets forth the following Answer and Affirmative Defenses to the Complaint and Jury Demand ("Complaint") filed by Plaintiff Stanley Banner ("Plaintiff"), and demands trial by jury. Numotion responds to each of the paragraphs of the Complaint as follows:

**RESPONSE TO "COUNT ONE"**

1. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 and therefore denies same.

2. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 2 and therefore denies same.

3. Numotion denies the allegations of paragraph 3.

4. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 4 and therefore denies same.

5. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore denies same.

6. Paragraph 6 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 6.

7. Paragraph 7 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 7.

8. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 and therefore denies same.

Responding to the unnumbered WHEREFORE paragraph following paragraph 8, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

## **RESPONSE TO "COUNT TWO"**

1. Numotion restates and incorporates by reference each of the preceding paragraphs of this Answer.

2. Paragraph 2 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 2.

3. Paragraph 3 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 3.

Responding to the unnumbered WHEREFORE paragraph following paragraph 3, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

**RESPONSE TO "COUNT THREE"**

1. Numotion restates and incorporates by reference each of the preceding paragraphs of this Answer.

2. Numotion denies the allegations of paragraph 2.

3. Numotion denies the allegations of paragraph 3.

4. Paragraph 4 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 4.

Responding to the unnumbered WHEREFORE paragraph following paragraph 3, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

**RESPONSE TO "COUNT FOUR"**

1. Numotion restates and incorporates by reference each of the preceding paragraphs of this Answer.

2. Numotion denies the allegations of paragraph 2.

3. Paragraph 3 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 3.

Responding to the unnumbered WHEREFORE paragraph following paragraph 3, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

**RESPONSE TO "COUNT FIVE"**

1. Numotion restates and incorporates by reference each of the preceding paragraphs of this Answer.

2. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 2 and therefore denies same.

3. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 3 and therefore denies same.

4. Paragraph 4 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 4.

5. Paragraph 5 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 5.

6. Paragraph 6 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 6.

7. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 7 and therefore denies same.

Responding to the unnumbered WHEREFORE paragraph following paragraph 7, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

## **RESPONSE TO "COUNT SIX"**

1. Numotion restates and incorporates by reference each of the preceding paragraphs of this Answer.

2. Paragraph 2 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 2.

3. Numotion denies the allegations of paragraph 3.

4. Paragraph 4 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 4.

5. Paragraph 5 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 5.

6. Paragraph 6 states legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Numotion denies the allegations of paragraph 6.

7. Numotion is without sufficient knowledge or information to admit or deny the allegations in paragraph 7 and therefore denies same.

Responding to the unnumbered WHEREFORE paragraph following paragraph 7, Numotion denies that it is liable to Plaintiff for damages or any other relief sought in the Complaint. Numotion demands judgment in its favor.

## DEFENSES

By asserting the following defenses, Numotion does not allege or admit it has the burden of proof or the burden of persuasion with respect to any of these matters:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

## THIRD DEFENSE

Plaintiff's claims of product defects are barred by Sections 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

## FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k, and/or Restatement (Third) of Torts: Products Liability § 6. The

medical device in question is useful and desirable, and any risk claimed by the parties with its use and the alleged injury, to the extent it exists, is unavoidable.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by misuse or unintended use of the medical device in question.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the "learned intermediary" or "informed intermediary" doctrine.

## SEVENTH DEFENSE

Plaintiff's claims may be barred because Plaintiff's injuries, if any, were actually or proximately caused, in whole or in part, by the intervening or superseding conduct of independent third parties and non-parties to this action or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from Numotion's conduct or control.

## EIGHTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of informed consent or assumption of risk.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Plaintiff's alleged injuries were caused, in whole or in part, by negligence, fault, or wrongful conduct of third parties, and Plaintiff's claims may be barred or limited by the doctrines of comparative fault or contributory negligence.

## TENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, or estoppel.

## ELEVENTH DEFENSE

Plaintiff's damages, if any, may be barred, limited, or offset in the amount of any reimbursement received as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the medical device at issue was at all relevant times manufactured and sold consistent with available technology, scientific knowledge, and the state of the art, and in compliance with all federal, state, and local laws and regulations, and was accompanied by product information and warnings that were reasonable, full and adequate and in accordance with the U.S. Food and Drug Administration ("FDA") regulating requirements and the state of medical and scientific knowledge then in existence.  Plaintiff's claims are also barred, in whole or in part, by the deference that common law gives to discretionary actions by the FDA under the Federal Food, Drug & Cosmetic Act ("FDCA") and the Medical Device Amendments thereto.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, may be limited, in whole or in part, by Plaintiff's failure to mitigate.

## FOURTEENTH DEFENSE

Plaintiff's claims and causes of action are preempted by Medical Device Amendments to the Federal Food, Drug & Cosmetic Act ("FDCA") and the FDA regulations promulgated pursuant

thereto. To the extent Plaintiff's claims are based on alleged violations of the FDCA, such claims are barred pursuant to 21 U.S.C. § 337(a) and *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001). Additionally, Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Numotion and all its activities with respect to the subject device have been and are conducted under the supervision of the FDA.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because of Plaintiff's failure to join necessary and indispensable parties.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint are barred because the risks, if any, associated with the use of the wheelchair outweighed by the device's utility.

## SEVENTEENTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions, disease, illness, or processes (whether pre-existing or contemporaneous) unrelated to the wheelchair.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred and/or limited in whole or in part by the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.*

## NINETEENTH DEFENSE

Plaintiff cannot recover under the New Jersey Product Liability Act, N.J.S.A. 2A:58C-3(a)(1)-(3).

**TWENTIETH DEFENSE**

Plaintiff's claims are barred by New Jersey case law and the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et seq., because the product at issue was accompanied by an adequate warning or instruction.

**TWENTY-FIRST DEFENSE**

Numotion pleads insufficient service of process.

**TWENTY-SECOND DEFENSE**

Plaintiff failed to abide by the applicable New Jersey summons requirements, N.J. R. 4:4-1.

**TWENTY-THIRD DEFENSE**

No act or omission of Numotion was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive or exemplary damages is barred.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution.  Any law, statute or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)

unconstitutionally may permit recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Numotion; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S. Ct. 1032 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443, 113 S. Ct. 2711 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003).

## RESERVATION OF RIGHTS

Numotion reserves the right to amend, or to seek leave to amend, its Answer and Affirmative Defenses as its investigation and discovery of the case proceeds.

WHEREFORE, Numotion requests that Plaintiff's Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in Numotion's favor, and that the Court provide Numotion all other such relief as it deems proper.

## CROSSCLAIM FOR CONTRIBUTION

Numotion hereby demands contribution in this matter from co-defendants, individually, jointly or in the alternative, under the Joint Tortfeasors Contribution Act of the State of New Jersey, N.J.S. 2A:53A-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to the parties herein, Numotion states that if it is to be found so liable, its liability is secondary and vicarious to that of co-defendants, whose liability is primary, and as a result any damages which may be ultimately determined to be the responsibility of Numotion are properly charged to the parties aforesaid.

WHEREFORE, defendant Numotion demands judgment for indemnification against all co-defendants named and to be named, together with attorneys' fees and costs of suit.

## DEMAND FOR TRIAL BY JURY

Numotion hereby demands trial by jury as to all issues in this matter.

                                            Respectfully submitted,

                                            /s/ *Diane Fleming Averell*
                                            One of the Attorneys for United Seating and Mobility, LLC d/b/a Numotion

Diane Fleming Averell (DA 3899)
dfaverell@pbnlaw.com
Michelle M. Krol (MK 4099)
mmkrol@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146

Clinton T. Speegle (PHV to be applied for)
cspeegle@lightfootlaw.com
Tatum L. Jackson (PHV to be applied for)
tjackson@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing Answer to be filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to:

Michael J. Glassman
MICHAEL J. GLASSMAN & ASSOCIATES, LLC
1103 Laurel Oak Road, Suite 140
Voorhees, New Jersey 08043-4318
mglassman@njlawcenter.com
*Attorney for Plaintiff*

      /s/ *Diane Fleming Averell*
Diane Fleming Averell (DA 3899)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
dfaverell@pbnlaw.com

*Attorney for Defendant United Seating and Mobility, LLC d/b/a Numotion*

Dated: November 4, 2021